**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and COLUMBIA CASUALTY COMPANY,**<br><br>   **Plaintiffs,**<br><br>**vs.**<br><br>**DIAL EQUITIES, INC., KEY ASSOCIATES, LLC, and GRAND POINT-NE LIMITED PARTNERSHIP,**<br><br>   **Defendants.** | **CASE NO. 8:10CV424**<br><br>**ORDER TO SHOW CAUSE** |

Fed. R. Civ. P. 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In the process of reviewing the pending cross-motions for summary judgment filed by American Guarantee and Liability Insurance Company ("American") and Columbia Casualty Company ("Columbia") (Filing Nos. 119 and 117); as well as the Motion to Strike (Filing No. 122) filed by Columbia, the Court has attempted to verify its subject matter jurisdiction over the claims by American against Columbia.

The Court's original jurisdiction in this case appears to have been founded solely on diversity of the parties, under 28 U.S.C. §1332. (*See* Filing No. 1 ¶ 2.) Columbia was brought in to the proceedings by Defendants Dial Equities, Inc., Grand Pointe-NE Limiited Partnership, and Key Associates, LLC, under Fed. R. Civ. P. 14. (*See* Filing No. 37.) The parties were realigned, over Columbia's objection, and Columbia was made a co-plaintiff (Filing No. 73). American filed an Amended Complaint, asserting a cross-claim against Columbia. (Filing No. 74.) American and Columbia both have their principal places of business in Illinois, and are citizens of Illinois. (Filing No. 74 ¶¶ 1, 2.)

"In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental

jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."  28 U.S.C. 1367(b).

While the Court had supplemental jurisdiction over the claims against Columbia raised by Defendants and Third-Party Plaintiffs Dial Equities, Inc., Grand Pointe-NE Limiited Partnership, and Key Associates, LLC, under 28 U.S.C. § 1366, because the claims were "so related to claims in the action within such original jurisdiction that they form[ed] part of the same case or controversy under Article III of the United States Constitution," the Court's jurisdiction over American's claim against Columbia appears negated under the language of 28 U.S.C. § 1367(b).  (*See also Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 376 (1978); *Ryan v. Schneider National Carriers, Inc.,* 263 F.3d 816, 820 (8th Cir. 2001); David D. Siegel, *Practice Commentary*, appended to 28 U.S.C. § 1367, at 760-64 (West 2006).

Accordingly,

IT IS ORDERED:

On or before March 31, 2014, American Guarantee and Liability Insurance Company will file a memorandum showing cause why its claims against Columbia Casualty Company should not be dismissed by this Court due to a lack of subject-matter jurisdiction.

Dated this 18th day of March, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge